IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                                                                          ORDER

               Petitioner,

v.                                                               08-cv-446-bbc

DON STRAHOTA, Security Director,
SERGEANTS HILBERT and PHILLIPS,
WARDEN MIKE THURMER,
CAPT. O'DONOVAN,
JAMES MUENCHOW, ICE,
MICHAEL MEISNER, ICE,
THERESA MURPHY, ICE,

               Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Charles Norwood is proceeding in this action under the imminent danger exception to 28 U.S.C. § 1915(g) on his claim that defendants are being deliberately indifferent to his safety by failing to protect him from an inmate who threatened him through an air vent.  Plaintiff's motion for preliminary injunctive relief is under advisement. Recently, on September 22, 2008, plaintiff filed an undated document titled "Motion," in which he expresses his disappointment over this court's September 17, 2008 decision to deny his motion for leave to amend his complaint to add more defendants (Dkt. #21).

1

Plaintiff seeks no relief from the court in his motion.  Instead, he states that he has no intention of paying the filing fees he owes for filing his federal court actions (this is plaintiff's third lawsuit in this court) and that "[t]here is no use in pursuing this action."  In light of plaintiff's statements, I construe his September 22 "Motion" as a notice of voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41.

Although Rule 41 allows a plaintiff to dismiss his case voluntarily without an order of the court and without consequence before an answer or motion for summary judgment has been filed, a court order is required if the motion is filed after the defendants have answered the complaint or moved for summary judgment.  Plaintiff filed his notice on the same day defendants filed their answer.  Therefore, Fed. R. Civ. P. 41(a)(2) applies.  Under that rule, the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper."

Because the court has taken seriously plaintiff's claim that at the time he filed this complaint defendants were exposing him to imminent danger of serious physical injury, I construed plaintiff's action as including a motion for a preliminary injunction and asked defendants to respond to the motion in advance of filing their answer. Defendants have filed a comprehensive response, comprising responses to plaintiff's proposed findings of fact, their own proposed findings of fact, and a number of affidavits addressing the merits of plaintiff's claim.  In light of the considerable time and money defendants have expended in an effort

2

to defend against plaintiff's suit, I will grant plaintiff's request for voluntary dismissal only on the condition that the dismissal is with prejudice. This means that the order dismissing the case will serve as a judgment on the merits in favor of the defendants.

It may well be that plaintiff's September 22 submission was sent on impulse rather than after a considered and even-tempered decision to forgo prosecution of the case. In particular, I note that on September 26, 2008, plaintiff submitted a letter to this court on a matter unrelated to any of his lawsuits that begins with the following paragraph: "First off I apologize for my rude behavior around 9-18-2008. It was uncalled for. Please accept my apology." However, because plaintiff did not designate the letter for filing in this case or send a copy to opposing counsel, I cannot consider his more recent submission as a request to withdraw the September 22 notice. More important, it may be that plaintiff did not anticipate that he would not be allowed to dismiss this case voluntarily and still preserve his ability to file the same case later. Therefore, before I accept plaintiff's notice, I will allow him an opportunity to withdraw it. Plaintiff's motion for a preliminary injunction will remain under advisement until this matter is resolved.

ORDER

IT IS ORDERED that plaintiff may have until October 8, 2008, in which to notify

the court and opposing counsel, in writing, whether he wishes to withdraw his notice of voluntary dismissal. If, by October 8, 2008, plaintiff does not withdraw his notice of voluntary dismissal, I will enter a judgment of dismissal in defendant's favor with prejudice, which means plaintiff will be precluded from refiling his claim against any of the defendants in any future action in this or any other court.

Entered this 30th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge